Evariste G-. Lavigne, J.
At the trial of this matter on July 13, 1970, plaintiff called as his first witness, a former employee of the defendant who was, at the time in question, the manager of the defendant’s office in the City of Troy, New York. He testified that he was notified on the morning of August 3, 1966, that the telephone service to plaintiff had been cut off, and that service was restored in the afternoon of the same day. It appears that the total period of interrupted service was 24 hours. The cause of the discontinuance of telephone service to plaintiff was an error in transmitting a disconnect order from *884 defendant’s Troy, New York, office to their office in Albany, New York. This occurred when the order went out from defendant’s office to terminate service on No. State 5-6100, and in so transmitting such order, a transposition of the digits occurred to the extent that the number so transmitted was State 5-1600, the latter number being the one assigned to plaintiff.
Prior to the testimony of this witness, plaintiff’s attorney stipulated that plaintiff would rely solely on such testimony on the question of defendant’s liability. At the conclusion of this witness’ testimony, defendant moved to dismiss the complaint on the grounds that as a matter of law the proof offered was insufficient to establish liability on the part of defendant.
Plaintiff’s complaint clearly pleads ordinary negligence. The answer of the defendant sets up as an affirmative defense the tariff regulations filed by it with the Public Service Commission of the State of New York and which read as follows: “No liability shall attach to the Telephone Company for damages arising from errors, omissions or mistakes of the Telephone Company, its agents, servants or employees in the furnishing of telephone service occurring unavoidably or in spite of the most stringent regulations or the most vigilant general oversight.”
Prior to the requirement of the filing of tariffs by telephone companies, the case of Weld v. Postal Tel. Cable Co. (199 N. Y. 88) upheld the power of telephone companies to limit their liability for errors due to ordinary negligence and some of the same language quoted in the tariffs filed herein is contained in the Weld opinion.
Carlson Contr. Co. v. New York Tel. Co. (45 Misc 2d 229, 234) appears to have construed the language of the tariffs as exempting the defendant from liability for ordinary negligence.
In his brief, plaintiff asserts his theory of liability as follows: “ Plaintiff seeks damages based upon gross negligence (failure of the Defendant’s employees to exercise even a slight degree or ‘ scant ’ care) and wilful misconduct.”
Gross negligence being the standard of liability and plaintiff’s theory of liability in this case, the court finds proof of ordinary negligence only. Plaintiff cites Sharick v. Marvin (1 A D 2d 284, 286-287) wherein appears the following definition of gross negligence : ‘ ‘ Gross negligence ‘ is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. * * * The element of culpability which character *885 izes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence.’-”
Proof that a digit of the telephone number was transposed in transmitting the disconnect order between the two offices does not satisfy the test set forth above. Pointing out what could have been done to avoid the error does not aid in determining the degree of want of care since all mistakes and errors could have been avoided whether they be the result of ordinary or gross negligence.
Accordingly, I find only ordinary negligence on the part of defendant and the motion of the defendant to dismiss the complaint is granted, without costs.